IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT APONTE, an individual, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2009-cv-8082 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, an Illinois municipal corporation; JOHN ADREANI, an individual; HENRY VIA, an individual; KIMBERLY VALENTI, an individual; and DONALD DEVITO, an individual | ) ) ) ) ) ) | Hon. John W. Darrah |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

Plaintiff, Gilbert Aponte, an individual, by his attorneys, Michael Rediger and John Sawin, complaining against Defendants, City of Chicago, Illinois, an Illinois municipal corporation, and City of Chicago police officers John Adreani, Henry Via, Kimberly Valenti, and Donald DeVito (collectively the "Defendants"), states as follows:

### Introduction

1. In this civil action, Gilbert Aponte seeks damages against the City of Chicago, Illinois and five City of Chicago police officers for the deprivation of rights secured by the Fourth Amendment to the Constitution of the United States and the laws of the United States.

2. On August 18, 2009 the Defendants executed a search warrant at Plaintiff's residence in Chicago, Illinois in an unreasonable manner, causing serious damage to Plaintiff's property. This unreasonable search of Plaintiff's residence deprived Plaintiff of rights as a United States citizen.

**Jurisdiction and Venue**

3. This is a civil action arising under 42 U.S.C. §1983 and 42 U.S.C. §1988 for violations of rights guaranteed to Plaintiff under the United States Constitution. This Court has jurisdiction of the action pursuant to 28 U.S.C. §1331. In addition, jurisdiction over Plaintiff's state law indemnification claim is conferred by principles of pendent jurisdiction pursuant to 28 U.S.C. §1367 because that claim arises from the same facts and circumstances as Plaintiff's federal claims.

4. Venue is proper under 28 U.S.C. § 1391(b), because the Defendants are located in this judicial district, and the events giving rise to the claims asserted herein occurred within this judicial district.

**Parties**

5. Plaintiff, Gilbert Aponte, is a United States citizen and a resident of Cook County, Illinois.

6. Defendant City of Chicago, Illinois ("Chicago") is an Illinois municipal corporation located in Cook County, Illinois.

7. At all time relevant to this Complaint, Defendant John Adreani, Chicago Police Department star number 6185 ("Adreani"), was and is a police officer employed by the Chicago Police Department acting under color of state law. Adreani is being sued in his individual capacity only.

8. At all time relevant to this Complaint, Defendant Henry Via, Chicago Police Department star number 12218 ("Via"), was and is a police officer employed by the Chicago Police Department acting under color of state law. Via is being sued in his individual capacity only.

9.      At all time relevant to this Complaint, Defendant Kimberly Valenti, Chicago Police Department star number 6125 ("Valenti"), was and is a police officer employed by the Chicago Police Department acting under color of state law. Valenti is being sued in her individual capacity only.

10.     At all time relevant to this Complaint, Defendant Donald DeVito, Chicago Police Department star number 944 ("DeVito"), was and is a police sergeant employed by the Chicago Police Department acting under color of state law. DeVito is being sued in his individual capacity only.

## Background

11.     On August 18, 2009, Adreani, Via, Valenti, DeVito (these Defendants are also collectively referred to as the "Individual Defendants") were assigned to the Chicago Police Department's 13th District.

12.     On August 18, 2009, Adreani, in his individual capacity as a Chicago police officer, prepared and filed a Complaint for Search warrant for Plaintiff's residence located at 1939 West Race, Chicago Illinois, Cook County ("Plaintiff's Residence").

13.     As a result of Adreani's Complaint for Search Warrant, a search warrant for Plaintiff's Residence was issued in the Circuit Court of Cook County, Illinois on August 18, 2009 (the "Warrant").

14.     The Warrant provided for a search of Plaintiff's Residence and to seize cocaine, and any money, records or instrumentalities used in the furtherance of illegal drug transactions.

15.     On August 18, 2009, the Individual Defendants executed the Warrant in an unreasonable manner, causing significant damage to property in Plaintiff's Residence.

16. During the execution of the Warrant, the Individual Defendants each caused and/or allowed other Chicago police officers present to cause significant damage to property in Plaintiff's Residence without cause or justification.

17. After ransacking Plaintiff's Residence without finding any of the items specified in the Warrant, the Individual Defendants recognized that there was nothing illicit to be found in Plaintiff's Residence but continued to cause significant damage to property in Plaintiff's Residence.

**FIRST CAUSE OF ACTION**
**(Unreasonable Search by the Individual Defendants,**
**Pursuant to 42 U.S.C. §1983)**

18. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as though fully set forth.

19. The Individual Defendants' execution of the Warrant was conducted in an unreasonable manner, constituting an unreasonable search under the Fourth Amendment of the U.S. Constitution.

20. As a direct and proximate result of the Individual Defendants' wrongful acts, Plaintiff was deprived of his liberty and property and subjected to severe emotional distress.

21. The Individual Defendants' actions, as alleged herein, were objectively unreasonable and were undertaken with intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

22. Plaintiff is further entitled to recovery of his attorney's fees pursuant to 42 U.S.C. §1988.

## SECOND CAUSE OF ACTION
### (Failure to Intervene by the Individual Defendants, Pursuant to 42 U.S.C. §1983)

23. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as though fully set forth.

24. At various times during the above described incident, the Individual Defendants each stood by and watched other Individual Defendants and other police officers execute the Warrant in an unreasonable manner, without intervening to prevent the Warrant from being executed in an unreasonable manner.

25. The Individual Defendants each had a reasonable opportunity to intervene to prevent the Warrant from being executed in an unreasonable manner had they been so inclined, but they each failed to do so.

26. As a direct and proximate result of the Individual Defendants' failure to prevent the Warrant from being executed in an unreasonable manner, Plaintiff was deprived of his liberty and property, and subjected to severe emotional distress.

27. The Individual Defendants' acts and/or omissions as alleged herein, were objectively unreasonable and were undertaken with intentional, malicious, willful, wanton, and/or in reckless disregard for Plaintiff's constitutionally protected rights, thereby entitling Plaintiff to an award of punitive damages.

28. Plaintiff is further entitled to recovery of his attorney's fees pursuant to 42 U.S.C. §1988.

## THIRD CAUSE OF ACTION
### (State Law Claim against Chicago for Indemnification, Pursuant to 735 ILCS 10/9-102)

29. The allegations contained in the foregoing paragraphs are repeated, realleged, and incorporated herein by reference as though fully set forth.

30. Illinois law, 735 ILCS 10/9-102, provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

31. At all times relevant herein the Individual Defendants were employed as police officers by Chicago and were acting under color of law and in the course and scope of their employment by Chicago.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Gilbert Aponte, respectfully requests that the Court:

1. Enter judgment in favor of Plaintiff and against each of the Individual Defendants for actual and punitive damages in amounts to be proven each at trial, plus post-judgment interest until fully paid;

2. Enter judgment in favor of Plaintiff and against Defendant City of Chicago, Illinois for actual damages in an amount to be proven at trial, plus post-judgment interest until fully paid;

3. Award Plaintiff a reasonable attorney's fee pursuant to 42 U.S.C. §1988;

4. Tax the costs of this action against Defendants;

5. Grant Plaintiff a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable;

6. Grant Plaintiff such other and further relief as this Court deems just and proper.

October 22, 2010    Respectfully submitted,

                                        GILBERT APONTE

By:  s/ John Sawin
      John Sawin (6227112)
      SAWIN LAW FIRM, LTD.
      217 N. Jefferson, Suite 602
      Chicago, Illinois 60661
      312.853.2490
      jsawin@sawinlawyers.com
      ATTORNEY FOR PLAINTIFF

      Michael E. Rediger (6225900)
      LAW OFFICES OF MICHAEL E. REDIGER, P.C.
      217 N. Jefferson, Suite 602
      Chicago, Illinois 60661
      312.644.0939
      mrediger@redatlaw.com
      ATTORNEY FOR PLAINTIFF