UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GILBERT APONTE,                          )
                                         )
                Plaintiff,               )
                                         )
        v.                               )
                                         )   Case No. 09-CV-8082
CITY OF CHICAGO; JOHN ADREANI;           )
HENRY VIA; KIMBERLY VALENTI;             )   Judge John W. Darrah
and DONALD DEVITO,                       )
                                         )
                Defendants.              )
                                         )
                                         )
                                         )
                                         )
                                         )

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff, Gilbert Aponte's ("Aponte"), Motion to Exclude

Expert Testimony of Defendants' Rule 26(A)(2) Retained Expert Witness

Robert Johnson. Aponte filed suit against Chicago Police Officers John Adreani,

Henry Via, Kimberly Valenti, and Donald DeVito (collectively, the "Individual

Defendants") and the City of Chicago (collectively, the "Defendants"), pursuant to

42 U.S.C. § 1983. Aponte alleges deprivations of his Fourth and Fourteenth Amendment

rights in connection with a search warrant executed by Individual Defendants at Aponte's

residence on August 18, 2009. (*See* Dkt. No. 54.) Count I ("Unreasonable Search by

Individual Defendants Pursuant to 42 U.S.C. § 1983") of Aponte's Second Amended

Complaint ("Complaint") alleges that the Individual Defendants' execution of the search

warrant was conducted in an unreasonable manner. (Sec. Am. Compl. ("Compl.") ¶¶ 18-

22.) Count II ("Failure to Intervene by the Individual Defendants Pursuant to 42 U.S.C. §

1983") alleges that the Individual Defendants had a reasonable opportunity to intervene

to prevent the warrant from being executed in an unreasonable manner but failed to do so. (Compl. ¶¶ 23-27.)

On November 8, 2010, Defendant Adreani submitted a Rule 26(A)(2) Expert Disclosure, disclosing expert witness Robert Johnson ("Johnson") as a person with an extensive background in law enforcement. In his report, Johnson states that he spent 32 years as an active law-enforcement officer and 12 years as a law-enforcement consultant. Johnson proffers four expert opinions, as follows:

1) Officer John Adreani had probable cause to obtain a search warrant based on the information provided in the complaint for the warrant, which a judge found constituted probable cause and issued the search warrant.

2) The search of the residence at 1939 W. Race by the Chicago Police Officers was lawful and reasonable.

3) The handcuffing of Gilbert Aponte was reasonable and in accordance of generally accepted practices and standards within the field of law enforcement.

4) There was no need for any officer to intervene to prevent unreasonable conduct on the part of another officer(s).

(Pl.'s Mot., Ex. A ("Johnson Report"). Apart from his opinions quoted above, there are two additional sections in Johnson's report. In a section titled, "Incident Overview and [B]ases for Opinions," Johnson provides an overview of the August 18, 2009 search in which he recites, at length, Defendant Adreani's and Aponte's deposition testimony. (Johnson Report at 3.) In another section, titled "Additional Bases for Opinions," Johnson outlines the bases for reaching his four opinions. (*Id.* at 5-7.)

## LEGAL STANDARD

A district court judge is to act "as a 'gatekeeper' for expert testimony, only admitting such testimony after receiving satisfactory evidence of its reliability." *Dhillon v. Crown Controls Corp.*, 269 F.3d 865, 869 (7th Cir. 2001) (citing *Daubert v.*

*Merrell Dow Pharm., Inc.*, 509 U.S. 579, 589 (1993)). Admissibility of expert testimony

is governed by Federal Rule of Evidence 702, which provides:

> If scientific, technical, or other specialized knowledge will assist the trier
> of fact to understand the evidence or to determine a fact in issue, a witness
> qualified as an expert by knowledge, skill, experience, training, or
> education, may testify thereto in the form of an opinion or otherwise, if (1)
> the testimony is based upon sufficient facts or data, (2) the testimony is the
> product of reliable principles and methods, and (3) the witness has applied
> the principles and methods reliably to the facts of the case.

A district court must determine whether the proposed expert testimony is relevant,

*i.e.*, whether it would assist the trier of fact in understanding the evidence or determining

a fact in issue. *See* Fed. R. Evid. 702. Expert testimony does not assist the trier of fact

when the jury is able to evaluate the same evidence and is capable of drawing its own

conclusions without the introduction of a proffered expert's testimony. *See Taylor v.*

*Illinois Cent. R.R. Co.*, 8 F.3d 584, 586 (7th Cir. 1993) (internal citation omitted); *accord,*

*e.g., Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 714 (7th Cir. 2004) (affirming the

district court's exclusion of a purported expert's opinion based upon a videotape because

"the videotape could be played for the jury and entered into evidence, and consequently,

jurors could make a determination for themselves . . . . Based upon this independent

assessment . . . . the jury could then draw [its own] inferences . . . and expert testimony

would be of no help.").

## ANALYSIS

As is further discussed, Johnson's opinions and supporting statements will not

assist a trier of fact: this is especially so here, where the trier of fact will be asked to

apply a reasonableness standard. *Cf. Thompson v. City of Chicago*, 472 F.3d 444, 455-

458 (7th Cir. 2006) (*Thompson*) ("The jury, after having heard all of the evidence

3

presented, was in as good a position as the experts to judge whether the force used by the officers to subdue Thompson was objectively reasonable given the circumstances in this case."). The issues upon which Johnson opines present fact questions within lay competence; a jury can hear the evidence and draw inferences on its own without the assistance of Johnson's opinions, which essentially summarize deposition testimony of the Individual Defendants and leap to a conclusion that does not rely on specialized knowledge. Moreover, Johnson's opinions are not shown to be the product of reliable principles or methods nor their reliable application to the facts.[1]

Turning to Johnson's first opinion, when an expert offers an opinion regarding the application of a legal standard, like "probable cause" or "reasonable suspicion," an expert's role is "limited to describing sound professional standards and identifying departures from them." *See West v. Waymire*, 114 F.3d 646, 652 (7th Cir. 1997). The sole bases for Johnson's opinion is that "by virtue of signing the [the search warrant], [the judge] determined that probable cause existed for the search" and "an Assistant State's Attorney also reviewed the warrant and complaint for search warrant and approved it prior to submission to the judge." (Johnson Report at 5.) Johnson's opinion does not

---

[1] Instead, Johnson favorably summarizes the Individual Defendants' testimony, discounts Aponte's contradicting testimony, and would suggest to the trier of fact who they should believe. For example, Johnson states that "[s]ome of the damage [Aponte] alleges occurred may constitute an unreasonable search **if supported by tangible evidence**," implying that such a conclusion could not be reached by a jury who simply credited Aponte's testimony in this regard. (Johnson Report at 5.) Moreover, Johnson states: "**I agree with Officer Adreani** that the fact that a canine did not alert was not/is not reason to terminate searching"; "**There is no testimony** that any of the officers said they damaged anything or observed [an] officer damage anything"; and "**Based on the accounts provided by the officers in their depositions** there was nothing they observed or witnesses that would have required or suggested to the officers that the warrant was being executed in an unreasonable manner." (Johnson Report at 6-7.)

identify a professional standard or a departure from a standard. Furthermore, Johnson's opinion is not helpful to a trier of fact because it does nothing but regurgitate facts favorable only to the Individual Defendants that are readily understandable by an average person. *See United States v. Welch*, 368 F.3d 970, 974 (7th Cir. 2004) ("[E]xpert testimony is helpful to the jury if it concerns a matter beyond the understanding of an average person, assists the jury in understanding facts at issue, or puts the facts in context."). Therefore, Aponte's Motion is granted with respect to Johnson's first opinion.

Aponte argues that Johnson's second opinion should be excluded because it is a legal conclusion that will determine the outcome of the case. (Pl.'s Reply at 3.) Defendants argue that Johnson's opinion complies with Federal Rule of Evidence 704, which states: "Testimony in the form of opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact."

Here, an overview of the legal standard that governs whether a search is "reasonable" is helpful. A claim for property damage during the execution of a warrant is evaluated under the Fourth Amendment's reasonableness requirement. *Johnson v. Manitowoc County, et al.*, 635 F.3d 331 (7th Cir. 2011) ("The reasonable requirement [of the Fourth Amendment] extends to the manner in which the search is conducted.") (*Manitowoc*); *Heft v. Moore*, 351 F.3d 278, 283 (7th Cir. 2003). As the Seventh Circuit recently noted in *Manitowoc*, 635 F.3d at 335:

> It is generally left to the discretion of the executing officers to determine the details of how to best proceed with the performance of a search authorized by warrant. The test is whether the officers executing the warrant employ[ed] a methodology that is, in light of the values protected by the Fourth Amendment and the exigencies of the situation, a reasonable one.

Thus, the issue is whether the search of Aponte's home was reasonable. Expert testimony is admissible only when it will assist the trier of fact, and fact-intensive findings are within lay competence and are the prerogative of the jury. *See Pena v. Leombruni*, 200 F.3d 1031, 1034 (7th Cir. 1999); *see also Thompson*, 472 F.3d at 455-458. Here, Johnson's opinion that the search was "lawful and reasonable," in light of the Individual Defendants' and Aponte's conflicting testimony regarding the facts, will not assist a trier of fact. Johnson's statements in support of his opinion are essentially based on his determination as to which of the conflicting versions of the facts the jury should accept. For example, Johnson states: "The removal of filling from a pillow cushion, removal of a loose molding or removal of covers from heating units, or unscrewing and removing a panel from a Jacuzzi, etc. does not qualify **under the circumstances** as damage and even if it did it **would not be unreasonable**." (Johnson Report at 6.) And, he further states: "The photographs offered by the plaintiff while depicting a house in disarray do not clearly depict damage that could be classified as unnecessary or unreasonable." (*Id.*) In this case, a trier of fact, "after having heard all of the evidence presented, [will] be in as good a position as the expert[] to judge whether" the search conducted by the Individual Defendants "was objectively reasonable given the circumstances of the case." *Thompson*, 472 F.3d at 458. The jury here can determine whether photographs "clearly depict" unreasonable damage under the factual circumstances related by all the witnesses and other evidence. Therefore, Johnson's second opinion is excluded.

6

Regarding Johnson's third opinion, his report states:

> There is testimony from officers as well as Aponte that he was handcuffed, behind his back during the period of time in which the warrant was being executed. The handcuffing of a subject named in a search warrant is reasonable and handcuffing behind the back is the industry standard. A person named in a search warrant to be searched is believed to be involved in criminal behavior as the basis of the search warrant. Handcuffing is done for the protection of the officers and the subject as well as to present the destruction of evidence. A residence has many locations in which drugs and/or weapons or items that can be used as weapons can be located and hence a subject needs to be secured.

(Johnson Report at 7.) This opinion complied with the requirements of Federal Rule of Evidence 702 and would assist the fact finder in the resolution of the issue of handcuffing Aponte at the time of the search.

However, Johnson's fourth opinion is also excluded because it would not assist a trier of fact. Johnson devotes one sentence of his report to support his opinion:

> Based on the accounts provided by the officers in their depositions there was nothing they observed or witnesses that would have required or suggested to the officers that the warrant was being executed in an unreasonable manner and therefore there was no need to intervene to prevent another officer(s) from engaging in unreasonable conduct.

(Johnson Report at 7.) Johnson's statement is based on no stated principle or methodology nor on any specialized knowledge; he simply credits the Individual Defendants' testimony and discounts any contrary evidence. Introducing Johnson's opinion may "induce jurors to substitute their own independent conclusions for that of the experts. In other words they [may] be[] induced to decide the case on an improper basis . . . rather than on the evidence presented . . . , which is precisely why the evidence" should be excluded. *Thompson*, 472 F.3d at 458 (internal quotations omitted).

## CONCLUSION

As set forth above, Aponte's Motion to Exclude Expert Testimony of Defendants'
Rule 26(A)(2) Retained Expert Witness Robert Johnson [74] is granted as to Opinions
No. 1, 2, and 4 and denied as to Opinion No. 3.

Date: _5·12-11_

JOHN W. DARRAH
United States District Court Judge