10-03-2060 ARDC: 00553328

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT APONTE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   09-cv-08082 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, an Illinois | ) | |
| municipal corporation; JOHN ADREANI, an | ) | |
| individual; HENRY VIA, an individual; | ) | |
| KIMBERLY VALENTI, an individual; | ) | |
| and DONALD DEVITO, an individual, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COME the Defendants, CITY OF CHICAGO, ILLINOIS, OFFICER JOHN ADREANI, OFFICER HENRY VIA, OFFICER KIMBERLY VALENTI, and SGT. DONALD DEVITO, by and through their attorneys, CUISINIER, FARAHVAR & BENSON, LTD., and for their Motion for Judgment as a Matter of Law pursuant to Rule 50 of the Federal Rules of Civil Procedure, state as follows:

**INTRODUCTION**

This action has been brought under § 1983 of the Civil Rights Act based upon an alleged unlawful search of Plaintiff's residence occurring on or about August 18, 2009. Plaintiff contends that the manner in which the search was conducted was unreasonable thereby violating his Fourth Amendment rights. Defendants seek the entry of a directed verdict in their favor on the basis that

a reasonable jury does not have a legally sufficient evidentiary basis to find for Plaintiff. FRCP 50 (2011).

**ARGUMENT**

Under Rule 50, if a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a claim that, under the controlling law, can be maintained only with a favorable finding on that issue. FRCP 50 (2011). As of the close of Plaintiff's case, Plaintiff has failed to establish that the manner in which the Defendant Officers conducted their search of 1939 W. Race was an unreasonable manner such that Plaintiff's constitutional rights were violated.

Plaintiff has the burden of proving the elements of an unreasonable search. Currier v. Baldridge, 914 F.2d 993, 996 (7th Cir. 1990). The manner in which a warrant is executed is generally left to the discretion of the executing officers who must determine the details of how best to proceed. Dalia v. U.S., 441 U.S. 238, 99 S.Ct. 1682 (1979). "The test is whether 'the officers executing the warrant employ[ed] a methodology that is, in light of the values protected by the Fourth Amendment and the exigencies of the situation, a reasonable one'." Johnson v. Manitowoc County, et al., 635 F.3d 331 (7th Cir. 2011) (citing U.S. v. Jones, 54 F.3d 1285, 1292 (7th Cir. 1995)). What is reasonable in connection with the implementation of the search depends upon the context in which the search takes place. New Jersey v. T.L.O., 469 U.S. 325 (1985).

The search warrant in this case gave the officers the legal right to enter the residence. Horton v. California, 496 U.S. 128, 135-136 (1990). Indeed, Plaintiff does not challenge that the warrant was properly issued. The police are entitled to search for the items named in the warrant where it

is likely those named items may be found. <u>Russell v. Harms</u>, 397 F.3d 458 (7th Cir. 2005). Certainly things like currency and narcotics can be secreted in the areas searched pursuant to this warrant. The testimony has been that ADREANI and VIA, after obtaining a valid search warrant for 1939 W. Race, set up surveillance of the address. Plaintiff was ultimately seen leaving the residence. Shortly thereafter, Plaintiff was taken into custody and taken to 1939 W. Race. The officers obtained the keys to the home to avoid having to force entry into the home. After the house was secured, a plain view search was conducted. When drugs and drug paraphernalia were not found in plain view, the canine unit was contacted to come to the residence to perform a search. Nothing more than a plain view search was performed before the canine unit arrived.

Shortly after arriving, the canine unit, namely Officer Juan Martinez and his partner, Rocky, conducted a search of the home. ADREANI was present with them for that search. The purpose of that search was to determine whether Rocky detected the odor of narcotics. Rocky did not make a positive alert for the presence of the odor of narcotics. After Rocky completed his search, the officers started their search of the property. As Officer Martinez testified, a search will be conducted by the search team regardless of whether his canine makes a positive alert for the presence of narcotic odor. In fact, Officer Martinez testified that he has participated in searches with his canine in which canine did not make a positive alert for the presence of narcotic odor, but that drugs were ultimately found.

Once again, after the canine unit conducted their search, the remaining officers on the scene started their search. The officers searched drawers, closets, clothing and cabinets. In the kitchen, VIA searched food items that were already opened. The officers did not open food containers that were not already opened. There has been no evidence that the officers opened any previously

opened food items. In fact, Plaintiff's own photographs show unopened food items. For example, Plaintiff's Exhibit No. \_\_\_\_\_ shows unopened cereal bags. ADREANI testified that he emptied pillows and cushions with zippers. He never damaged any of those items. However, there are no photos of that alleged damage. In fact, none of Plaintiff's photographs, Exhibits 9-33, 35-41, show any damage. In fact, both Joanna Aviles and Leticia Neri testified the photographs do not show the damage they described. Some do not even show any damage.

The officers have testified that after the search, the house was a mess and in substantial disarray. Leticia Neri testified that the reason she was taking photos was to document the mess. The evidence presented by Plaintiff at most shows a mess. There has been no evidence that any of the actions taken by any of the Defendants was unreasonable.

The Seventh Circuit addressed the reasonableness of the execution of a search warrant, and the resulting damage thereto, in Johnson v. Manitowoc County, supra. In that case, the Seventh Circuit held that "so long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution.'" Id. (citing Lawmaster v. Ward, 125 F.3d 1341, 1349) (10th Cir. 1997)).

Where drugs are involved, an assessment of the reasonableness of the manner in which the search is conducted must necessarily take into account the fact that drugs can be hidden in small places and in small containers. Bates v. City of Fort Wayne, Indiana, 591 F.Supp. 711 (N.D. Ind. 1983). Accordingly, a search for drugs commonly results in invasive measures that may cause damage to property. Bates, *supra*.

The mere fact that the premises was left, to some degree, in a state of disarray does not, in and of itself, demonstrate that the search was unreasonable. Reasonableness is judged from the

perspective of the officer at the time of the search, not with the benefit of 20/20 hindsight. Johnson, 635 F.3d 331 (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). As the Court pointed out in Johnson, there are no cases requiring an officer to use the least possible destructive means to execute a search warrant. No evidence has been presented demonstrating that the actions of the Defendants did not fall within the "boundaries of reasonableness". See Johnson, 635 F.3d 331. Therefore, Defendants are entitled to judgment as a matter of law.

## CONCLUSION

In summary, Defendants are entitled to judgment as a matter of law on the basis that their actions were reasonable under the circumstances and no evidence has been presented to show otherwise.

Respectfully Submitted,

**CUISINIER, FARAHVAR & BENSON, LTD.**

/s/ Victoria R. Benson
One of the Attorneys for the Defendants

Francis P. Cuisinier
Victoria R. Benson
CUISINIER, FARAHVAR & BENSON, LTD
200 W. Adams Street, Suite 430
Chicago, Illinois 60606
(312) 634-0412