10-03-2060

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GILBERT APONTE, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  09-cv-08082 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, an Illinois | ) | |
| municipal corporation; JOHN ADREANI, an | ) | |
| individual; HENRY VIA, an individual; | ) | |
| KIMBERLY VALENTI, an individual; | ) | |
| and DONALD DEVITO, an individual, | ) | Judge John W. Darrah |
| | ) | |
| Defendants. | ) | |

**DEFENDANT, JOHN ADREANI'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

NOW COMES the Defendant, JOHN ADREANI, by and through his attorneys, CUISINIER, FARAHVAR & BENSON, LTD., and for his Renewed Motion for Judgment as a Matter of Law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, states as follows:

**INTRODUCTION**

Plaintiff filed a lawsuit under § 1983 of the Civil Rights Act seeking to recover damages allegedly suffered as a result of the lawful search of Plaintiff's residence occurring on or about August 18, 2009. Plaintiff contends that the manner in which the search was conducted was unreasonable thereby violating his Fourth Amendment rights. Defendant, JOHN ADREANI (hereinafter "ADREANI"), seeks the entry of judgment in his favor as a matter of law on the basis that there was not a legally sufficient evidentiary basis to find for Plaintiff. In the

alternative, ADREANI seeks entry of judgment as a matter of law in his favor because the complained of conduct falls within the realm of qualified immunity.

## ARGUMENT

**A. JOHN ADREANI IS ENTITLED TO JUDGMENT AS A MATTER OF LAW UNDER RULE 50(b) BECAUSE THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN THE VERDICT.**

Under Rule 50, if a party has been fully heard on an issue during a jury trial and the Court finds that a reasonable jury would not have a legally sufficient basis to find for the party on that issue, the Court may resolve the issue against the party and grant a motion for judgment as a matter of law against the party on a claim that, under the controlling law, can be maintained only with a favorable finding on that issue. FRCP 50(a) (2011). If the court does not grant a motion made under FRCP 50(a), a movant may file a renewed motion for judgment as a matter of law. FRCP 50(b) (2011). In this case, the evidence does not establish that the manner in which ADREANI conducted his search of 1939 W. Race was unreasonable such that Plaintiff's constitutional rights were violated.

To prevail on a Renewed Motion for Judgment as a Matter of Law under Rule 50(b), the moving party must show that the jury's findings, presumed or express, are not supported by substantial evidence. Arthrocare Corp. v Smith & Nephew, Inc., 310 F. Supp. 2d 638 (D.C. Del. 2004). In considering such a Motion, a court (1) should review all of the evidence in the record, not just evidence and reasonable inferences which tend to support the case of the non-moving party, (2) while drawing all reasonable inferences in favor of non-moving party, (3) may not make credibility determinations or weigh evidence, and (4) must disregard all evidence favorable to the moving party that the jury is not required to believe, although a court should give credence to evidence supporting the moving party that is uncontradicted and unimpeached, at least to

extent that such evidence comes from disinterested witnesses. Reeves v Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097 (2000). The fact that the record, when viewed in light most favorable to the non-movant contains a scintilla of evidence in support of the challenged verdict, or barely refutes the contention that there is no evidence supporting the non-movant's case, presents no legal barrier to entry of judgment as a matter of law. Murphy v. Owens-Corning Fiberglas Corp., 447 F. Supp. 557 (D.C. Kan. 1977). In this instance, even when drawing all reasonable inferences in favor of Plaintiff, it is clear that there is insufficient evidence to support a jury verdict in Plaintiff's favor. Therefore, ADREANI is entitled to judgment as a matter of law.

On August 18, 2009, ADREANI participated in the execution of a valid search warrant at 1939 W. Race in Chicago, Illinois. The manner in which a warrant is executed is generally left to the discretion of the executing officers who must determine the details of how best to proceed. Dalia v. U.S., 441 U.S. 238, 99 S.Ct. 1682 (1979). "The test is whether 'the officers executing the warrant employ[ed] a methodology that is, in light of the values protected by the Fourth Amendment and the exigencies of the situation, a reasonable one'." Johnson v. Manitowoc County, et al., 635 F.3d 331 (7th Cir. 2011) (citing U.S. v. Jones, 54 F.3d 1285, 1292 (7th Cir. 1995)). What is reasonable in connection with the implementation of the search depends upon the context in which the search takes place. New Jersey v. T.L.O., 469 U.S. 325 (1985).

The search warrant in this case gave ADREANI and the other officers the legal right to enter the residence. Horton v. California, 496 U.S. 128, 135-136 (1990). Indeed, Plaintiff did not challenge that the warrant was properly issued. The police are entitled to search for the items named in the warrant where it is likely those named items may be found. Russell v. Harms, 397 F.3d 458 (7th Cir. 2005). Where drugs are involved, an assessment of the reasonableness of the

manner in which the search is conducted must necessarily take into account the fact that drugs can be hidden in small places and in small containers. Bates v. City of Fort Wayne, Indiana, 591 F. Supp. 711 (N.D. Ind. 1983). Accordingly, a search for drugs commonly results in invasive measures that may cause damage to property. Bates, supra.

The testimony at trial established that ADREANI and Officer Henry Via, after obtaining a valid search warrant, set up surveillance at 1939 W. Race. Plaintiff was eventually seen leaving the residence. Shortly thereafter, Plaintiff was taken into custody and taken to 1939 W. Race. The officers obtained the keys to the home to avoid having to force entry into the home. After the house was secured, a plain view search was conducted. When drugs and drug paraphernalia were not found in plain view, the canine unit was contacted to come to the residence to perform a search. Nothing more than a plain view search was performed before the canine unit arrived.

Shortly after arriving, the canine unit, consisting of Officer Juan Martinez and his dog, Rocky, conducted a search of the home. ADREANI was present with Officer Martinez and Rocky for that search, the purpose of which was to determine whether Rocky detected the odor of narcotics. Rocky did not make a positive alert for the presence of the odor of narcotics. After Rocky completed his search, the officers resumed their search of the property. As Officer Martinez testified, a search will be conducted by the search team regardless of whether the canine makes a positive alert for the presence of narcotic odor. In fact, Officer Martinez testified that he has participated in searches with his canine in which the canine did not make a positive alert for the presence of narcotic odor and, yet, drugs were ultimately found.

During their search, the officers searched drawers, closets, clothing and cabinets. In the kitchen, food items that were already opened were searched. The officers did not open food containers that were not already opened. No evidence was presented that the officers opened any previously unopened food items. In fact, Plaintiff's own photographs show unopened food items. ADREANI testified that he emptied pillows and cushions that had zippers. ADREANI never damaged any of those items. No photographs of any pillows or cushions depicting any damage were presented. In fact, none of Plaintiff's photographs, Exhibits 9-33, 35-41, show any damage. Furthermore, Joanna Aviles and Leticia Neri testified that the photographs do not show the damage they described. At the close of Plaintiff's case, no evidence was presented showing that any of the actions taken by ADREANI were unreasonable.

The officers testified that after the search, the house was a mess and in substantial disarray. Ms. Neri testified that the reason she was taking photos was to document the mess. The evidence presented by Plaintiff shows just that – a mess. The mere fact that the premises was left, to some degree, in a state of disarray does not, in and of itself, demonstrate that the search was unreasonable. "[S]o long as the officer's conduct remains within the boundaries of reasonableness, an officer has discretion over the details of how best to proceed with a search warrant's execution.'" Johnson, supra (citing Lawmaster v. Ward, 125 F.3d 1341, 1349) (10th Cir. 1997)). Reasonableness is judged from the perspective of the officer at the time of the search, not with the benefit of 20/20 hindsight. Johnson, supra (citing Graham v. Connor, 490 U.S. 386, 396 (1989)). As the Court pointed out in Johnson, there are no cases requiring an officer to use the least possible destructive means to execute a search warrant. In this instance, ADREANI provided a reasonable explanation for every action he took during the course of his search. Each action he took was certainly within the boundaries of reasonableness and, as such,

he had discretion over the details of how best to proceed with the execution of the search warrant.

A Motion for Judgment as a Matter of Law under Rule 50(b) must be granted where there is such complete absence of evidence to support the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or where there is such an overwhelming amount of evidence in favor of the movant that reasonable and fairminded men could not arrive at verdict against him. The jury's verdict in favor of Plaintiff and against ADREANI in the amount of $100.00 is clearly not supported by the evidence. The amount of the verdict makes it clear that the jury clearly rejected Plaintiff's claim that his Fourth Amendment rights were violated. No evidence was presented during the trial of this matter demonstrating that the actions of ADREANI did not fall within the "boundaries of reasonableness". See Johnson, 635 F.3d 331. It is clear that the jury's verdict bears no relationship to the evidence. As a result, ADREANI is entitled to judgment as a matter of law.

**B. JOHN ADREANI IS ENTITLED TO QUALIFIED IMMUNITY AND, THEREFORE, ENTRY OF JUDGMENT AS A MATTER OF LAW IN HIS FAVOR.**

Even in the event this Court holds that the jury's verdict shall stand, ADREANI is still entitled to judgment in his favor on the basis of qualified immunity. "Determining whether qualified immunity applies to the actions of a public official involves a two-part inquiry: (1) whether the facts alleged, taken in the light most favorable to the plaintiff, amount to a constitutional violation; and (2) whether the constitutional right at issue was clearly established at the time of the alleged violation." McComas v. Brickley, 2012 U.S. App. LEXIS 529, No. 11-2138 (7th Cir. 2012) (citing Jones v. Clark, 630 F.3d 677, 680 (7th Cir. 2011)). ADREANI continues to deny that Plaintiff suffered any constitutional violation; however, for the sake of

argument, even assuming Plaintiff did suffer a violation of his constitutional rights, those rights were not clearly established at the time of the alleged violation.

To determine if a right was clearly established at the time of an alleged violation, a court must determine whether it would be clear to a reasonable officer that his conduct was unlawful in the situation. McComas, supra, (citing Carvajal v. Dominguez, 542 F.3d 561, 566 (7th Cir. 2008); Humphrey v. Staszak, 148 F.3d 719, 725 (7th Cir. 1998)). It was reasonable for ADREANI to believe that the manner in which he conducted his search of Plaintiff's residence was within the bounds of reasonableness. The Court need only find that a reasonable officer would have believed that the officer in question believed his conduct to be reasonable in order to afford qualified immunity to ADREANI. Kelley v. Myler, 149 F.3d 641, 648 (7th Cir. 1998). The test for qualified immunity is an objective test to determine whether the officer violated clearly established federal law. Harlow v. Fitzgerald, 457 U.S. 800 (1982). Qualified immunity depends upon the objective reasonableness of the officer's conduct as measured by reference to clearly established law. Davis v. Scherer, 468 U.S. 183, 191 (1984).

For qualified immunity to be surrendered, pre-existing law must "truly compel (not just suggest or allow or raise a question about) the conclusion of every like situated, reasonable governmental agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A& M, 28 F.3d 1146 (11th Cir. 1994). Where "the factual setting is unique . . . with no clear parallel in other cases, the relevant constitutional factors must point strongly in the direction of a constitutional transgression before immunity will be lost." Kernats v. O'Sullivan, 35 F.3d 1171, 1178 (7th Cir. 1994). In fact, the qualified immunity standard "gives ample room for mistake in judgments" by protecting "all but the plainly incompetent or those who knowingly violate the law." Hunter v. Bryant, 502 U.S. 224, 229 (1991).

Under the qualified immunity defense, in the light of pre-existing law, the alleged unlawfulness of the officer's conduct must be apparent. Wilson v. Layne, 526 U.S. 603, 615 (1999). As long as a reasonable officer could have believed that the subject actions were lawful, the defendant officer is entitled to qualified immunity. McCleary v. Navarro, 504 U.S. 966 (1992); Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989). A reasonable officer could certainly have believed that ADREANI's actions were lawful.

As previously discussed herein, the manner in which a warrant is executed is generally left to the discretion of the executing officers who must determine the details of how best to proceed. Dalia, supra. The test is whether ADREANI's execution of the search warrant "'employ[ed] a methodology that is, in light of the values protected by the Fourth Amendment and the exigencies of the situation, a reasonable one'." Johnson, supra. ADREANI testified to the areas of the residence he searched and the methods he used in his search. ADREANI provided an explanation for the manner in which he conducted his search of every item he searched. For example, ADREANI testified to searching couch cushions and pillows with zippers by taking the material inside those cushions and pillows out of their cases. ADREANI explained that he did this because he was searching for small quantities of drugs, the size of which is approximately that of a nickel. He further testified that drugs of that size are sometimes hard to feel within the cushions and pillows, especially given that some of the cushions had foam inside in addition to white stuffing. Because he saw that the cushions and pillows with zippers could easily be opened without causing any damage, ADREANI opened those pillows and cushions with zippers and emptied their contents.

Furthermore, the jury clearly rejected Plaintiff's primary argument, i.e. that the Defendants caused substantial property damage. The question then becomes whether the

officers' conduct in allowing the premises to remain in a state of disarray after the search rises to the level of a constitutional violation. There are no reported cases to support such a contention. Furthermore, Officer ADREANI provided a good faith explanation for leaving the premises in a state of disarray: (1) A property owner normally does not want the police to remain any longer than necessary; and (2) As a matter of policy, it would result in an inefficient use of police resources to engage in a lengthy cleanup activity.

ADREANI provided a reasonable explanation for each action he took during his search of the residence. ADREANI is entitled to qualified immunity because there is no apparent unlawfulness with regard to his conduct. Therefore, ADREANI is entitled to qualified immunity and judgment in his favor as a matter of law.

## CONCLUSION

In summary, ADREANI is entitled to judgment as a matter of law on the basis that his actions were reasonable under the circumstances and no evidence was presented to show otherwise. In the alternative, ADREANI is entitled to judgment in his favor as a matter of law pursuant to qualified immunity.

Respectfully Submitted,

**CUISINIER, FARAHVAR & BENSON, LTD.**

/s/ Francis P. Cuisinier
One of the Attorneys for Defendant, JOHN ADREANI

Francis P. Cuisinier
Victoria R. Benson
CUISINIER, FARAHVAR & BENSON, LTD
200 W. Adams Street, Suite 430
Chicago, Illinois 60606
(312) 634-0412