**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GILBERT APONTE, an individual, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 09-cv-8082 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, an Illinois | ) | Hon. John W. Darrah |
| municipal corporation, JOHN ADREANI, | ) | |
| an individual, HENRY VIA, an individual, | ) | |
| KIMBERLY VALENTI, an individual, and | ) | |
| DONALD DEVITO, an individual, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANT JOHN ADREANI'S
RULE 50(b) RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff, Gilbert Aponte, by and through his undersigned attorneys, in Response to Defendant John Adreani's Rule 50(b) Renewed Motion for Judgment as a Matter of Law (Doc. No. 150), states as follows:

1. This Response is filed per the Court's order of March 27, 2012 (Doc. No. 153), entered following Defendant Adreani's initial presentation of his Rule 50(b) Motion, and the Court hearing oral arguments from Plaintiff's counsel that Defendant's motion was untimely.

2. Per the Court's directive on the record, this short brief is confined solely to the issue of the untimliness of Defendant Adreani's motion. If Defendant Adreani's motion is not denied on that basis, Plaintiff requests an opportunity to address the substance of Defendant Adreani's motion in a subsequent brief.

3. The threshold issue is whether Defendant Adreani's Rule 50(b) motion was timely filed under the Rules. FRCP 50(b) provides in pertinent part that "**No later than 28 days after the entry of judgment**- or if the motion addresses a jury issue not decided by a verdict, no

later than 28 days after the jury was discharged- **the movant may file a renewed motion for judgment as a matter of law**…..." (Emphasis added).

4. FRCP 6 governs the computation of time under the Rules. Rule 6(a)(1) provides that "When the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period; (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."

5. Rule 6 further provides a definition of the "Last Day" as "Unless a different time is set by statute, local rule, or court order, the last day ends: (A) for electronic filing, at midnight in the court's time zone."

6. FRCP 6(b) governs extensions of time, including allowing extensions for "good cause" or "excusable neglect." However, Rule 6(b) specifically excludes certain types of motions from having time extended to act.

7. Specifically, FRCP 6(b)(2) provides "Exceptions. **A court must not extend the time to act under Rules 50(b)** and (d), 52(b), 59(b), (d), and (e), and 60(b)."(Emphasis added).

8. This Court conducted a jury trial in this action from February 14 through 16, 2012. The jury thereafter returned a verdict in favor of Plaintiff and against Defendant Adreani on February 17, 2012. (Doc. No. 143, filed February 17, 2012).

9. Immediately following the return of the jury verdict in favor of Plaintiff and against Defendant Adreani, this Court stated on the record on February 17, 2012 that judgment was entered on the jury verdict.

10. This Court then entered judgment on the verdict via a minute order dated and filed

on February 17, 2012, providing "Trial ends- jury. Jury returns a verdict. See verdict form for more detailed information. Judgment is entered on the verdict. Civil case closed. Any pending dates or motions are moot." (Doc. No. 141, filed February 17, 2012).

11. In addition, the Clerk of the District Court, through courtroom deputy clerk Melanie A. Foster, issued the Judgment in a Civil Action dated February 17, 2012 and filed on February 17, 2012 (Doc. No. 142).

12. The record establishes that judgment was entered against Defendant Adreani on Friday February 17, 2012. As a result, under Rule 50(b) Defendant Adreani had "no later than 28 days after the entry of judgment" to file a renewed motion for judgment as a matter of law.

13. Computing time as prescribed by Rule 6(a)(1), the 28th day after the entry of judgment against Defendant Adreani was Friday March 16, 2012. As a result, Defendant Adreani had to electronically file any Rule 50(b) motion before midnight local time on Friday March 16, 2012.

14. Defendant Adreani failed to file a Rule 50(b) motion by the end of March 16, 2012, thus his time to do so under Rule 50(b) expired. Defendant Adreani's Rule 50(b) motion was not filed until the afternoon of March 19, 2012, well after the deadline for Rule 50(b) motions had expired.

15. Per Rule 6(b)(2), this Court "must not extend the time to act under Rule 50(b)."

16. As a result, Defendant Adreani's Rule 50(b) motion must be denied as untimely filed.

WHEREFORE, for the reasons set forth herein, Plaintiff requests that this Honorable Court deny Defendant Adreani's Rule 50(b) motion as untimely filed; and for such other and further relief as this Honorable Court deems just.

                                        Respectfully submitted,

April 2, 2012                         GILBERT APONTE

                            By:    s/John Sawin
                                    John Sawin (6227112)
                                    SAWIN LAW FIRM, LTD.
                                    217 N. Jefferson, Suite 602
                                    Chicago, Illinois 60661
                                    312.853.2490
                                    jsawin@sawinlawyers.com

                                    Michael E. Rediger (6225900)
                                    LAW OFFICES OF MICHAEL E. REDIGER, P.C.
                                    217 N. Jefferson, Suite 602
                                    Chicago, Illinois 60661
                                    312.644.0939
                                    mrediger@redatlaw.com