UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERT APONTE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 09 C 8082 |
| CITY OF CHICAGO, JOHN ADREANI, ) | |
| HENRY VIA, KIMBERLY CALENTI, ) | Judge John W. Darrah |
| and DONALD DEVITO, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant John Adreani's ("Adreani") Renewed Motion for Judgment as a Matter of Law pursuant to Federal Rule of Civil Procedure 50(b). Plaintiff Gilbert Aponte ("Aponte") filed a Section 1983 lawsuit to recover damages suffered as a result of a search of Aponte's residence on August 18, 2009. A jury trial was held from February 14 to 16, 2012, and the jury returned a verdict in favor of Aponte and against Adreani on February 17, 2012.

## ANALYSIS

The merit of Adreani's Motion is not presently before the Court. As a preliminary issue, the parties dispute whether Adreani's Motion is timely pursuant to Rule 50(b).

Rule 50(b) provides, in relevant part:

> No later than 28 days after the entry of judgment – or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged – the movant may file a renewed motion for judgment as a matter

of law and may include an alternative or joint request for a
new trial under Rule 59.

Rule 6, which governs the computation of time under the Rules, provides: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."

Adreani argues that the Court did not "enter judgment" until February 23, 2012, when the parties received notice from the Court's Electronic Case Filing system ("ECF") of the verdict form and the Court's minute entry, which stated, "Jury returns a verdict . . . Judgment is entered on the verdict."[1] Adreani's argument, however, is contradicted by a review of the transcript of the jury trial. On February 17, 2012, after the jury verdict was read, this Court stated on the record, "Very well. Judgment will enter on the record verdict."

Therefore, as the Court entered judgment on February 17, 2012, Adreani had until March 16, 2012, to file his Rule 50(b) Motion. Adreani, however, filed his Motion on March 19, 2012. Adreani's Motion is untimely under the 28-day filing requirement of Rule 50(b), and the Court cannot extend the time to file a Rule 50(b) motion.

In the alternative, Adreani argues that if the Court finds that his Motion is untimely, his "reliance upon the Notice of Electronic Filing, dated February 23, 2012, and received on that date, is a 'unique circumstance' justifying his untimely filing."

---

[1] The ECF reflects that the verdict form and minute entry are dated February 17, 2012. However, these documents were not loaded to the electronic docket and the parties therefore did not receive actual notice of these entries until February 23, 2012. This is evidenced by the ECF time-stamp corresponding to these documents, referred to as the "Notice of Electronic Filing." (*See* Reply at 1-2.)

(Resp. at 3.) Adreani cites two cases in support of his argument, *Eady v. Foerder*, 381 F.2d 980 (7th Cir. 1967) (*Eady*), and *Burks v. Harris*, 1991 WL 140114 (N.D. Ill. July 22, 1991), which relies on *Eady*.

In *Eady*, after entry of judgment, the district court judge stated to plaintiffs' counsel that he would extend the time to file any post-trial motions to thirty days. On appeal, the defendants challenged the district court's authority to extend the time to file post-trial motions in light of Rule 6(b). The Seventh Circuit held that "when a judge extends the time within which to file an application for a new trial and counsel relies to his detriment on that extension, 'unique circumstances' of this reliance allow the court to dispose of the motion before it." *Bailey v. Sharp*, 782 F.2d 1366, 1368 (7th Cir. 1986) (*Bailey*) (citing *Eady*, 381 F.3d. at 980).

*Eady*'s holding has since been narrowed by *Bailey*, in which the Seventh Circuit confronted a similar fact pattern. In *Bailey*, after trial the district court judge gave the defendant 18 days to file a post-trial motion. The Seventh Circuit held that defendant's motion for new trial filed 15 days after the entry of judgment was not timely. In so holding, the Seventh Circuit distinguished *Eady*:

> *Eady* simply creates an equitable exception to the rigid time limitation when a lawyer, not knowing the law, *actually* relies on the affirmative misstatement of the district judge . . . . In short, it is clear that it was not the judge's misstatement but counsel's misreading of the law that led to his failure to file on time."

*Id.* at 1368 (emphasis in original).

More recently, in *Robinson v. City of Harvey*, 489 F.3d 864, 871 (7th Cir. 2007), the defendant argued that its notice of appeal was timely. As one basis, the defendant

3

argued that its Rule 59 motion was timely, which extended his time to appeal under Federal Rule of Appellate Procedure 4(a)(4)(A)(iv). The district court held that the defendant's Rule 59 motion was not timely.

On appeal, the defendant relied in part on the "unique circumstances" exception, arguing that his motion was timely because he had oral permission from the district court judge to extend his post-trial motion. The Seventh Circuit held:

> As we explained in *Properties Unlimited*, the unique circumstances exception is available 'only when there is a genuine ambiguity in the rules to begin with, and the court resolves that ambiguity in the direction of permitting additional time to appeal.' Applying the doctrine more broadly would be to hand over to the district court the discretionary authority to disregard the rules whenever it was convenient by affirmatively declaring the deadline extended and assuring the parties that they could proceed according to a new timetable. Such an interpretation would strip the rules of their mandatory quality.
>
> There is nothing ambiguous in the language of the rules at issue here. The plain language of FRAP Rule 4 clearly delimits the only situations in which the time to appeal can be validly extended, and Civil Rule 6(b) expressly precludes judges from extending the time to make a Rule 59 motion. We therefore decline to apply the unique circumstances exception in this case.

Under *Bailey* and *Robinson*, the "unique circumstance" doctrine does not apply to this case. To the extent Adreani is arguing that he relied on the Court's docket entry, noticed on February 23, 2012, his argument lacks merit. In this respect, the rationale in *Heidelberg Harris, Inc. v. Mitsubushi Heavy Industries, Ltd.*, 1998 WL 719573 (N.D. Oct. 8, 1998), is instructive as the factual circumstances there are similar to those presented here.

In *Heidelberg*, the court entered final judgment on the jury verdict on July 21, 1998. The judgment was docketed and notice was mailed to the parties on July 22, 1998. There, the defendants argued that Rule 6(e) (which has since been eliminated) adds three days to any prescribed period triggered by service of notice. The district court rejected this opinion, holding that Rule 6(b)'s "prohibition on enlarging the time for filing a post-trial motion under Rules 50(b) and 59(b) is very clear." *Id.* at *3.

Notably, the court cited Rule 77, "Conducting Business; Clerk's Authority; Notice of an Order or Judgment." Rule 77(d)(1) provides: "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b), on each party who is not in default for failing to appear. The clerk must record the service on the docket. A party also may serve notice of the entry as provided in Rule 5(b)." The Notes to Rule 77(d) state: "Notification by the clerk is merely for the convenience of litigants. . . . It would, therefore, be entirely unsafe for a party to rely on absence of notice from the clerk of the entry of a judgment, or to rely on the adverse party's failure to serve notice of the entry of a judgment."

In this case, on February 17, 2012, the Court clearly stated on the record that judgment was entered on the jury verdict: Adreani's counsel was present. By allowing Adreani to use the February 23, 2012 Notice of Electronic Filing date to trigger the 28-day limitation period under Rule 50(b), this Court would exceed its jurisdictional authority.

5

## CONCLUSION

For the foregoing reasons, Defendant Adreani's Renewed Motion for Judgment as a Matter of Law [150] is denied.

Date: 4-26-12

JOHN W. DARRAH
United States District Court Judge