CC

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERT APONTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 09 C 8082 |
| CITY OF CHICAGO, ILLINOIS; | ) |
| JOHN ADREANI; HENRY VIA; | ) Judge John W. Darrah |
| KIMBERLY VALENTI; and DONALD | ) |
| DEVITO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Gilbert Aponte's Motion for Attorneys' Fees, pursuant to 42 U.S.C. § 1988 and Local Rule for the Northern District of Illinois 54.3, in the amount of $116,437.50. Defendants John Adreani and City of Chicago oppose Plantiff's Motion.

### BACKGROUND

On October 27, 2010, Plaintiff filed a Second Amended Complaint, alleging a violation of his rights pursuant to 42 U.S.C. § 1983. (Dkt. No. 54.) A jury trial commenced; Plaintiff requested a total of $125,000: $10,000 for his alleged property damage, $15,000 for his alleged emotional injuries, and $25,000 in punitive damages against each individual Defendant. (*Id.*) On February 17, 2012, the jury returned a verdict in favor of Defendants Via, Valenti, and Devito on each of the two claims against these Defendants. (Dkt. No. 143.) The jury returned a verdict against Defendant Adreani on Plaintiff's claim of unreasonable search only and in favor of Defendant Adreani on

Plaintiff's other claim against him. (*Id.*) The jury awarded $100 in compensatory damages against Adreani, and did not award any punitive damages. (*Id.*)

On May 15, 2012, Plaintiff filed this Motion for Attorneys' Fees pursuant to 42 U.S.C. § 1988, seeking a total of $116,437.50: $41,850 for John Sawin, $56,100 for Michael Rediger, and $18,487.50 for Jean Athey. (Mot., Ex. B. at 1.) The parties filed a Joint Statement pursuant to Local Rule 54.3(e). The parties dispute only the following:

> a. Defendants dispute whether, based upon the amount of the judgment, Plaintiff was a prevailing party within the meaning of 42 U.S.C. Section 1988;
>
> b. Defendants dispute the appropriate hourly rate for Mr. Sawin, Mr. Rediger, and Ms. Athey;
>
> c. Whether 61 hours spent by Mr. Rediger and 113.25 hours spent by Ms. Athey should be compensated; and
>
> d. Whether Defendants Henry Via, Kimberly Valenti and Donald DeVito are prevailing parties such that defense counsel would also be entitled to attorneys' fees.

(*Id.* at 3.)

## LEGAL STANDARD

In an action under 42 U.S.C. § 1983, federal district courts, in their discretion, "may allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). The purpose of § 1988 is to "ensure effective access to the judicial process for persons with civil rights grievances." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (*Hensley*). There are two elements to a fee award under this section: the party seeking the award must qualify as a "prevailing party" and the fee must be reasonable. *Simpson v. Sheahan*, 104 F.3d 998, 1001 (7th Cir. 1998) (*Simpson*). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that

directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111 (1992) (*Farrar*). A judgment for damages in any amount, whether compensatory or nominal, confers prevailing-party status on a plaintiff. *Id.* Once a plaintiff shows that he is a "prevailing party," he is entitled to a reasonable fee. Generally, courts arrive at a reasonable fee by calculating a lodestar—multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433. The court then adjusts the lodestar upward or downward to reflect, among other things, the degree of plaintiff's success. *Id.* at 440. Limited success warrants "only that amount of fees that is reasonable in relation to the results obtained." *Id.* A court may "lawfully award low fees or no fees" without figuring a lodestar, depending upon the amount and nature of the damages awarded. *Farrar*, 506 U.S. at 115. In cases which result in a damage award that is minimal in relation to the amount of damages sought, a circuit court may employ the three-part test from Justice O'Connor's concurrence in *Farrar* to determine whether a prevailing party achieved enough success in the underlying suit to be entitled to an award of attorneys' fees. *See Briggs v. Marshall*, 93 F.3d 355, 361 (7th Cir. 1996) (*Briggs*). "The three factors are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff prevailed; and (3) the public purpose of the litigation." *Id.*

## ANALYSIS

### *Plaintiff as Prevailing Party*

To qualify as a prevailing party pursuant to § 1988, a plaintiff "must obtain at least some relief on the merits of his claim." *Farrar*, 506 U.S. at 111. "A plaintiff "prevails" when actual relief on the merits of his claim materially alters the legal

3

relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Id.* "This is a generous formulation that brings the plaintiff only across the statutory threshold." *Hensley*, 461 U.S. at 433. "A plaintiff who wins nominal damages is a prevailing party under § 1988." *Farrar*, 506 U.S. at 112 ("A judgment for damages in any amount, whether compensatory or nominal, modifies the defendant's behavior for the plaintiff's benefit by forcing the defendant to pay an amount of money he otherwise would not pay."). Also, a plaintiff need not succeed on all of his claims in order to "prevail". *See Hensley*, 461 U.S. at 434.

Defendants argue that Plaintiff is not a prevailing party within the meaning of § 1988. As indicated above, whether or not a party "prevails" is purely a threshold matter; and under the "generous formulation," that threshold is not particularly difficult to meet. Although Plaintiff succeeded on one claim and received damages in an amount below his request to the jury, Plaintiff is a prevailing party under § 1988. The $100.00 in compensatory damages forces Defendant to pay "an amount of money he otherwise would not pay." *See Farrar*, 506 U.S. at 113.

*Defendants as Prevailing Parties*

Defendants argue that "when reviewing the case in its entirety, it is clear that Via, Valenti, and DeVito are prevailing parties and, therefore, entitled to an award of attorneys' fees." (Resp. at 3.) Further, in the Joint Statement, the parties say the following is disputed: "whether Defendants Henry Via, Kimberly Valenti and Donald DeVito are prevailing parties such that defense counsel would also be entitled to attorney's fees." (Mot., Ex. B. at 2.) However, Defendants do not support or elaborate on this argument. Even if they had, their argument would fail. Pursuant to 42 U.S.C.

4

§ 1988, a prevailing defendant may be awarded fees if the defendant can demonstrate that the plaintiff brought his lawsuit in subjective bad faith or that the plaintiff's lawsuit was frivolous, unreasonable, or without foundation, even though the lawsuit was not brought in subjective bad faith. *See LaSalle Nat'l Bank of Chicago v. Cnty of DuPage*, 10 F.3d 1333, 1340 (7th Cir. 1993). A plaintiff's loss of his case is not a sufficient justification for the award of fees pursuant to § 1988. *See id.* Section 1988 authorizes fee awards to a prevailing defendant but under a different standard, reflecting the "quite different equitable considerations at stake." *Fox v. Vice*, 131 S.Ct. 2205, 2213 (2011). In enacting § 1988, "Congress sought to protect defendants from burdensome litigation having no legal or factual basis." *Id.*

As discussed above, the standard for awarding attorneys' fees to defendants differs substantially from that of awarding attorneys' fees to plaintiffs. That Plaintiff lost on seven of his eight claims does not justify the award of fees. *Goldsmith v. Murphy*, No. 02-cv-5777, 2005 WL 442230, at *2 (N.D. Ill. Feb. 22, 2005). Defendants have offered no argument indicating that Plaintiff's claims were devoid of legal or factual bases or brought in bad faith.

*Plaintiff's Attorneys' Fees*

Once a plaintiff establishes himself as a prevailing party, it remains for the district court to determine what fee is "reasonable." *Hensley*, 461 U.S. at 433. "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* However, if a "plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be

5

an excessive amount." *Id.* at 436. Partial or limited success cases fall into one of two categories. The first category involves cases where the plaintiff's claims are based on different facts and legal theories, while the second category involves cases where plaintiff's claims involve a common core of facts or are based on related legal theories. *Bryant v. City of Chicago*, 200 F.3d 1092, 1101 (7th Cir. 2000). In cases involving the second category, "the focus in arriving at the appropriate fee award should be on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* The present case falls within the second category. In such a case, the three-part test from Justice O'Connor's concurrence in *Farrar* serves as a useful guide in determining "whether a 'prevailing party' who receives only nominal damages is entitled to attorney's fees under 42 U.S.C. § 1988." *Briggs*, 93 F.3d at 361. "The three factors are: (1) the difference between the judgment recovered and the recovery sought; (2) the significance of the legal issue on which plaintiff prevailed; and (3) the public purpose of the litigation." *Id.*

In deciding whether or not to award attorneys' fees, the first factor is the most significant of the three. *Id.* Plaintiff sought $25,000 in compensatory damages yet the jury awarded him $100, a total 0.4% of the requested sum. This could be an inappropriate method in cases involving a substantial damage award. However, this is not such a case. The $100 award is insignificant standing alone and supports the notion that this was purely a "technical" or "*de minimis*" victory. The difference in the requested and awarded values is substantial and weighs heavily against the awarding of fees.

"When the civil rights plaintiff aims small, and obtains an amount that is significant in relation to that aim (it need not reach the target), he is *prima facie* entitled to an award of fees even if the case establishes no precedent." *Hyde v. Small*, 123 F.3d 583, 585 (7th Cir. 1997) (*Hyde*). Plaintiff argues that based on *Hyde*, he should be awarded attorneys' fees. In *Hyde*, the plaintiff received $500 in compensatory damages but was denied an award of attorneys' fees. *Id.* In *Hyde*, the district court's ruling was vacated in light of the fact that § 1983 contains no minimum amount in controversy and, therefore, a "plaintiff is not disentitled to an award of attorneys' fees merely because the stakes in his case are small." *Hyde v. Small*, No. 97-3719, 1998 WL 67708, at *1 (N.D. Ind. Feb. 13, 1998). The district court had noted that the fact that plaintiff's lawyer did not ask the jury to award a specific amount suggests that he was not aiming high. *See id.* The case was remanded for further consideration of plaintiff's application for fees. *Id.* On remand, it was determined that plaintiff had in fact demanded a $15,000 settlement. *Id.* In light of the demand, plaintiff's recovery was marked as a "significant failure," which warranted a reduction of fees. *Id.* Under *Hyde*, a plaintiff is entitled to fees if the recovery, although small, is significant in relation to the amount sought. In the present case, Plaintiff's attorneys asked for a specific amount and received damages that were in no way significant in relation to that goal.

Further, Plaintiff argues that the *Farrar* analysis is not relevant in cases in which the recovery is not merely nominal. *See Estate of Enoch ex rel. Enoch v. Tienor*, 570 F.3d 821, 823 (7th Cir. 2009). However, the *Farrar* analysis is still applicable in cases which result in a damage award that is minimal in relation to the amount of damages sought. *See Simpson*, 104 F.3d at 1001 (applying the *Farrar* analysis instead of

7

calculating a lodestar where the plaintiff recovered $140 in damages after seeking $75,000); *see also TCI of Ill., Inc. v. Carpenter*, 849 F. Supp. 326, 327-28 (N.D. Ill. 1994) (*TCI*) (applying the *Farrar* analysis where plaintiff recovered $420 in damages). "Although $420 may not be 'nominal damages' in the absolute sense of a token award, it is certainly nominal in relation to the financial sights that TCI had set." *TCI*, 849 F. Supp. at 327-328. While Plaintiff's recovery is technically "compensatory," the *Farrar* analysis is still applicable.

The second factor, the significance of the legal issue on which plaintiff prevailed, evaluates the extent to which plaintiff succeeded on his claims. *Briggs*, 93 F.3d at 361. This factor is the least significant of the three. *Id.* Plaintiff succeeded only on one claim against Defendant Adreani on the claim of unreasonable search. Further, Plaintiff lost on the remaining seven claims against all Defendants. Plaintiff's success on the unreasonable-search claim weighs modestly, if at all, in his favor, especially considering the loss of the other claims.

The third factor measures whether the Plaintiff established anything more than that his constitutional rights were violated. *Id.* Plaintiff received minor compensatory damages. He did not obtain an injunction, nor did he establish that Defendants' conduct warranted punitive damages. Plaintiff argues that his victory was not solely personal, but rather it also contributed to the deterrence of future civil rights violations. *See City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) ("a civil rights plaintiff seeks to vindicate important civil and constitutional rights that cannot be valued solely in monetary terms") (*City of Riverside*); *Edwards v. Rogowski*, No. 06 C 3110, 2009 WL 742871, at *2 (N.D. Ill. Mar. 18, 2009) ("The legal issues on which the plaintiffs

prevailed were indeed significant . . . by recovering damages, Edwards contributed to the deterrence of future civil rights violations.) (*Edwards*). However, in both *City of Riverside* and *Edwards*, the plaintiffs received significantly higher compensatory *and* punitive damages; they received $33,350 and $29,500, respectively, values that present a significant demarcation from the present case. Plaintiff has received minor compensatory damages at best, and any public utility is not especially patent. This factor weighs against awarding fees.

Because attorneys' fees are not awarded, the disputed issues regarding reasonableness of attorneys' fees and time worked need not be reached. If the reasonableness of attorneys' fees was addressed here, Plaintiff's requested market rate of $300 per hour for Sawin and Rediger and $150 for Athey are not reasonable. "The fee applicant bears the burden of "produc[ing] satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community." *Pickett v. Sheridan Health Care Center*, 664 F.3d 632, 640 (7th Cir. 2011). Plaintiff offers only the affidavits of Sawin and Rediger and the Laffey Matrix to support the market rates.

As a court in this district recently held, in reviewing the reasonableness of attorneys' fees under Section 1983, "one affidavit attesting to the reasonableness of the requested rate . . . neither comes from a comparable attorney, nor provides any information about billing rates of comparable attorneys." *LaSalvia v. City of Evanston*, No. 10 C 3076, 2012 WL 2502703, at *4 (N.D. Ill. Feb. 2, 2012) (*LaSalvia*) (holding that attorney's requested hourly rate of $350 per hour and $375 per hour in civil rights case was unreasonable). Sawin avers that his "current hourly billing rate for plaintiff's civil

rights cases is $300 per hour" and that during the period Athey worked for his firm, "her hourly billing rate for non-contingent fee litigation ranged from $125 per hour to $150 per hour." (Dkt. No. 161-5 ¶¶ 7-8.) Rediger avers that "given [his] background and experience, [his] billing rate is $300 an hour." (Dkt. No. 161-6 ¶ 3.) However, Plaintiff has "not provided evidence that [Sawin or Rediger] ha[ve] ever been awarded or obtained the requested rate." *LaSalvia*, 2012 WL 2502703 at *4. Thus, had the Court reached the reasonableness of attorneys' fees, Plaintiff would have failed to meet his burden that Plaintiff's counsels' requested hourly rates are reasonable.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees [161] is denied.

Date: 8-20-12

JOHN W. DARRAH
United States District Court Judge